**Dismissed and Memorandum Opinion filed June 29, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00115-CV

---

## PRECISION-HAYES INTERNATIONAL, INC., Appellant

### V.

## JDH PACIFIC, INC., Appellee

---

**On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause No. 19-DCV-261720**

---

### MEMORANDUM OPINION

This is an attempted appeal from an order signed February 8, 2021. The trial court's February 8, 2021 order modified a previous order requiring the deposit of appellant's funds in the court's registry and ordered the court clerk to release fifty percent of appellant's funds. Because the trial court's order requires the deposit of property into the trial court's registry, it is not final and appealable. *See Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chemical Co., L.P.*, 540 S.W.3d 577, 587–88 (Tex. 2018).

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and unappealable until final judgment is rendered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). An order requiring the deposit of funds into the court's registry is an unappealable interlocutory order. *See Zhao v. XO Energy, LLC*, 493 S.W.3d 725, 735 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (collecting cases involving challenges to orders to deposit money into a court registry that were dismissed for want of jurisdiction).

On March 26, 2021, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless appellant filed a response demonstrating grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a). Appellant's response fails to demonstrate that this court has jurisdiction over the appeal.

Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

Panel Consists of Justices Jewell, Bourliot, and Hassan.